**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

Case No. SACV 11-1463 DOC (MLGx)                  Date: January 23, 2013

Title: VITA-HERB NUTRICEUTICALS, INC. v. PROBIOHEALTH, LLC.

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

<u>   Julie Barrera   </u>                           <u>   Not Present   </u>
Courtroom Clerk                               Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                          NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER DENYING MOTION TO RECONSIDER

       Before the Court is Plaintiff Vita-Herb Nutriceuticals's Motion for Reconsideration (Dkt. 45) of this Court's Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment. *See* Sept. 6, 2012, Order (Dkt. 44). After considering all briefs in support of and in opposition to this motion, the Court DENIES Plaintiff's Motion for Reconsideration.[1]

       **I. Background**

       The facts of this case are well known to all involved, having been summarized by the Court in the abovementioned order. *See* Sept. 6, 2012, Order at 1-8. Plaintiff brought two claims involving U.S. Patent No. 7,214,370 ("the '370 Patent"), the First Claim seeking a judicial declaration that Bing Baksh is "joint inventor of" the '370 Patent, the Second Claim seeking a judicial declaration that Plaintiff Vita-Herb Nutriceuticals is an owner of the '370 Patent because Baksh assigned his interest to Plaintiff. *See* Compl. (Dkt. 1) at 6-8. On September 6, 2012, the Court denied in part and granted in part Defendant's Motion for Summary Judgment, granting summary judgment only as to Plaintiff's Second Claim for ownership. *See* Order at 13-14.

---

[1] The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

MINUTES FORM 11 DOC                                                    Initials of Deputy Clerk: jcb
CIVIL - GEN                                                                      Page 1 of 4

In its Order, the Court held that the key question regarding whether or not the General Release agreement barred Plaintiff's claims was whether or not those claims existed at the time the General Release was signed on June 12, 2006. *See* Order at 12 (interpreting "the General Release to release only those claims that Plaintiff *had*–that is, claims already in existence–as of the date the Plaintiff signed the General Release"). The Court went on to find that the General Release *did not* bar Plaintiff's First Claim for a declaration of Baksh's joint inventorship because that claim "did not arise until the '370 Patent issued on March 8, 2007–well after the General Release was signed." *Id.* (citing, *inter alia*, *HIF Bio, Inc. v. Yung Shin Pharmaceuticals Indus. Co., Ltd.*, 600 F.3d 1347, 1353 (Fed. Cir. 2010), *as amended on reh'g in part* (June 14, 2010) (holding that district court erred in failing to dismiss claim because the inventorship claim "involves *pending* patent application," and such "requested relief can only be granted by the Director of the United States Patent and Trademark Office," not the courts)).

However, the Court held that the General Release *did* bar Plaintiff's Second Claim for a declaration that Plaintiff Vita-Herb Nutriceuticals was an owner of the '370 Patent, because this claim for ownership existed at the time of the signing of the General Release. *See* Order at 13-14. The Court found that, in contrast to Plaintiff's First Claim, here "nothing precluded Plaintiff from seeking declaratory relief" at the time of the signing "to determine 'who owns legal title to the subject matter claimed in a patent.'" *Id.* at 14 (citing *Beech Aircraft Corp. v. EDO Corp.*, 990 F.2d 1237, 1248 (Fed. Cir. 1993)). In support of this proposition, the Court cited the following:

> It is elementary that inventorship and ownership are separate issues. An application for a patent must be made by or on behalf of the actual inventor or inventors of the subject matter claimed therein. 35 U.S.C. §§ 111, 115-118. Thus, inventorship is a question of who actually invented the subject matter claimed in a patent. Ownership, however, is a question of who owns legal title to the subject matter claimed in a patent, patents having the attributes of personal property. 35 U.S.C. § 261.

*Beech Aircraft*, 990 F.2d at 1248. Defendant had included the same quotation in its Reply Brief in Support of its Motion for Summary Judgment (Dkt. 43), filed on July 24, 2012, which was the final brief in a series of supplemental briefs requested by the Court post-oral arguments.

In support of its Motion for Reconsideration, Plaintiff argues that the Court misinterpreted the law as presented by Defendants in *Beech Aircraft*, and points to the two sentences that follow the quotation at issue:

> At the heart of any ownership analysis lies the question of who first invented the subject matter at issue, because the patent right initially vests in the inventor who may then, barring any restrictions to the contrary, transfer that right to another, and so forth. However, who ultimately possesses ownership rights in that subject matter has no bearing whatsoever on the question of who actually invented that

subject matter.

*Beech Aircraft*, 990 F.2d at 1248. Because "the ownership analysis *depends on* how the co-inventorship claim is decided," Plaintiff argues, at the time the General Release was signed, "if Baksh had no claim for co-inventorship," then "he perforce had no claim for co-ownership." Pl's Mot. for Reconsideration at 4.

### II. Discussion

Plaintiff does not offer new facts or new law that could not have been previously discovered with reasonable diligence, nor does Plaintiff provide any of the other bases for a motion for reconsideration. *See 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (explaining that a motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law"); L.R. 7-18 (allowing a motion for reconsideration to be brought on "only" the following grounds: "(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.").

First, while Plaintiff argues that the two additional *Beech Aircraft* sentences constitute a "material difference in . . . law from that presented to the Court" pursuant to Local Rule 7-18, and Plaintiff further claims that "Plaintiff had no opportunity to show that Defendant had omitted 'the rest of the story,' because responses to replies are not permitted by rule," Pl's Mot. for Reconsideration at 3, the Court disagrees. Regarding *Beech Aircraft*, Defendant cited, as defendants are wont to do, language supporting its argument. The relevant quotation is not a misrepresentation of the law, and it remains true that "inventorship and ownership are separate issues." *Beech Aircraft*, 990 F.2d at 1248; *see also Medtronic, Inc. v. White*, 526 F.3d 487, 496 (9th Cir. 2008) (noting that "issues of patent ownership are distinct from questions of inventorship").

The additional sentences cited by Plaintiff do not, as Plaintiff urges, change the Court's analysis.[2] While an "ownership analysis" is certainly affected by "the question of who first invented the subject matter at issue" in a patent, *Beech Aircraft*, 990 F.2d at 1248, here the dispositive issue is whether or not Plaintiff Vita-Herb could have brought a *claim* for ownership at the time it signed the

---

[2] The Court must note the unavoidable implication of Plaintiff's Motion to Reconsider–that this Court failed, initially, to even read the whole of *Beech Aircraft*, because why else would the interests of justice require moving papers in which Plaintiff must "ask[] the Court to read the *next two sentences* in *Beech Aircraft* and reconsider"? *See* Pl's Mot. for Reconsideration at 3 (emphasis in original).

General Release.  While the law is clear that Plaintiff's First Claim for a declaratory judgment of co-inventorship could not have been brought until Patent '370 issued on March 8, 2007, almost a year after the General Release was signed, *see* Sept. 6, 2012, Order at 13 (citing cases), it is equally clear that a *claim* for *ownership* may be brought on a pending patent application before the patent has issued. *See Vasonova Inc. v. Grunwald*, 2012 U.S. Dist. LEXIS 133380 (N.D.Cal. Sept. 18, 2012) (a dispute over patent ownership involving a patent application that was pending involved "a right controversy" because "the right of ownership of such property is in dispute").  Patent '370's original application had been filed on September 26, 2002, and Baksh was removed from the amended application on December 1, 2005, all before the General Release was signed on June 1, 2006.  At that time, Plaintiff could have brought a claim for ownership of the subject matter claimed in the patent.

Additionally, the Court notes that, pursuant to Local Rule 7-18, "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion."  The legal argument at the center of Plaintiff's motion is that "the ownership analysis *depends* on how the co-inventorship claim is decided." Pl's Mot. for Reconsideration at 4.  In a July 20, 2012, brief filed in opposition to Defendant's original Motion for Summary Judgment, Plaintiff made the same argument: "Plaintiff's second claim for ownership is dependent on the first [claim for inventorship]." Pl's Opp'n (Dkt. 42) at 2.  The Court considered, and rejected, Plaintiff's argument in its original form, and it similarly rejects Plaintiff's argument now.

### III.  Conclusion

For the foregoing reasons, Plaintiff's Motion for Reconsideration is hereby DENIED.

The Clerk shall serve this minute order on all parties to the action.